John F. Sceleppi, J.
This is a motion by the defendant for an order dismissing the indictment on the grounds that the defendant has been denied a speedy trial.
The defendant originally was indicted for robbery in the first degree, grand larceny in the first degree two counts and assault in the second degree two counts by an indictment filed January 7, 1955. At that time the defendant was incarcerated on a judgment of conviction rendered in the County Court of Nassau County and a bench warrant under the aforesaid indictment was lodged against the defendant in the place of his incarceration. He was not produced for arraignment on that indictment until October 10, 1956 at which time the arraignment was adjourned until October 17,1956 and then again adjourned until October" 31, 1956 to permit the defendant to make a motion to dismiss the indictment upon the grounds that he had been denied a speedy trial. This motion was made on October 31, 1956 and was denied by order of this court dated November 8, 1956. On November 21, 1956 defendant pleaded not guilty to the indictment and subsequently, on January 21,1957 he pleaded guilty to attempted robbery in the third degree. On that date, after waiving the 48 hours’ notice of sentence, the defendant was sentenced as a second felony offender to a term of not less than 2 years and 6 months nor more than 10 years, to run concurrently with a sentence of not less than 2 years and 6 months nor more than 5 years imposed in the County Court of Nassau County on October 1, 1954.
Upon appeal from said judgment of conviction, the defendant brought up for review the order of November 8, 1956 denying his motion to dismiss the indictment for delay in bringing him to trial thereon. The Appellate Division reversed on the law and facts and the indictment was dismissed in conformity with the provisions of section 668 of the Code of Criminal Procedure, without prejudice to the right of the District Attorney to proceed as permitted in section 673 of the Code of Criminal Procedure, if so advised. (People v. Wilson, 5 A D 2d 690.)
The District Attorney thereafter did so proceed and the defendant was indicted for robbery first degree, grand larceny first degree two counts and assault second degree two counts by indictment filed November 3, 1958. On November 19, 1958, the defendant was arraigned on said indictment and pleaded not guilty. On November 26, 1958, the defendant withdrew his plea of not guilty for the purpose of making a motion alleging double jeopardy. On denial of said motion, the defendant pleaded not guilty on January 14, 1959.
*860 The defendant contends that the basis of the present indictment was also the basis for the indictment filed January 7, 1955 which had been dismissed by the Appellate Division on the law and the facts pursuant to section 668 of the Code of Criminal Procedure. The defendant contends “ that Section 673 of the Code of Criminal Procedure * * * makes a nullity of the defendant’s constitutional guarantees to a speedy trial in that in practice and effect it allows the prosecutor to withhold prosecution in any felony case for at least five years without establishing good cause for his action.”
The People contend that the objections concerning section 673 of the Code of Criminal Procedure are invalid and without merit and that if the Legislature has set forth a statutory scheme, it is for the Legislature to change the same. ' ■
In considering this question, the court finds it difficult to perceive how the original error of the People in not prosecuting the first indictment pursuant to section 8 of the Code of Criminal Procedure has been corrected by a reindictment of the defendant for the same crime which was the basis of the first indictment.
In this court’s opinion, neither the provisions of section 673 of the code nor the new indictment can obliterate or eradicate the already established prejudicial delay which the Appellate Division found existed in dismissing the first indictment. The reasons outlined in People v. Prosser (309 N. Y. 353) are just as applicable under the new indictment, and the question of the fundamental fairness to the defendant is just as germane now as it was then. Indeed, in some jurisdictions outside of the State of New York, the courts hold that the undue delay in bringing a defendant to trial under the first indictment is a bar to prosecuting him under a new indictment for the same crime. (Ann. 30 A. L. R. 2d 462.)
Although this court believes that the reasons laid down in People v. Prosser (supra) should prevail over the provisions of section 673 of the Code of Criminal Procedure so as to bar a reindictment of the defendant for the same crime charged in the original indictment which the Appellate Division saw fit to dismiss on the defendant’s motion for failure to grant the defendant a speedy trial, the court is constrained to follow the law of this State which measures the undue delay in such a case from the time the particular indictment to which the motion is addressed was found. Such a dismissal does not bar the District Attorney from proceeding to obtain a new indictment under section 673 of the Code of Criminal Procedure if the offense charged, as in this case, be a felony. (People v. Schwartz, 6 A D 2d 459.)
*861 Therefore, because of the statutory provisions heretofore referred to, the court may not consider on this motion the delay which was found by the Appellate Division to be fatal to the first indictment. There is no claim here by the defendant that he has been denied a speedy trial since the new indictment was found.
Accordingly the motion to dismiss the indictment herein is denied. Order entered accordingly.