Chief Judge Desmond.
We must answer this question: is a defendant denied due process when, after an indictment against him has been dismissed for want of a speedy trial, he is rein- *393 dieted for the same crime? Specifically, were this defendant’s rights infringed when, in reliance on section 673 of the Code of Criminal Procedure, he was reindicted in November, 1958 on the same charge which was the basis of an indictment against him found in January, 1955 and dismissed in December, 1957 (5 A D 2d 690) on his motion made under section 668 of the Code of Criminal Procedure, for failure of the People to bring the cause to trial?
These are the pertinent dates:
January, 1955 — defendant, then serving a prison term on an earlier conviction, was indicted with others in County Court, Queens County, for several felonies, all allegedly committed in June, 1954.
October, 1956 — defendant, arraigned on the January, 1955 indictment, moved to dismiss it on the ground that he had been denied a speedy trial; the motion was denied in November, 1956 and defendant pleaded guilty to one of the counts and was given a prison sentence (to run, in part, concurrently with his uncompleted sentence on the earlier conviction).
December, 1957 — on appeal by defendant from the second conviction, the Appellate Division, Second Department, reversed on the ground that defendant had been denied the speedy trial to which he was entitled; the order of reversal, however, contained this reservation: “ without prejudice to the right of the respondent to proceed as permitted in section 673 of the code, if so advised.”
• November, 1958—more than two years after he had first moved for dismissal and nearly a year after the dismissal, defendant was reindicted for the same crime alleged in the January 7, 1955 bill of indictment; a month later he moved to dismiss this new indictment because of delay; the motion was denied (15 Misc 2d 858) and defendant pleaded guilty, and in June, 1959 was given the same sentence imposed in November, 1956.
The County Judge, in denying defendant’s motion to dismiss the later indictment, intimated that the reasons stated in People v. Prosser (309 N. Y. 353) should be available for dismissing the new indictment also and should prevail over the authorization found in section 673. His conclusion was, however, that New York law “ measures the undue delay in such a case from *394 the time the particular indictment to which the motion is addressed was found ” (15 Misc 2d 860, citing People v. Schwartz, 6 A D 2d 459). He held, therefore, that the delay of nearly three years from the handing up of the original indictment until its dismissal by the Appellate Division had no effect as to defendant’s rights under a substituted indictment because the date of the new indictment made a new starting point for any reckoning of delay. There had been, the court pointed out, no undue delay in bringing to trial the newer indictment.
The Appellate Division affirmed the judgment of conviction. The Presiding Justice wrote that it was unnecessary to decide “ whether the right to a speedy trial is such a fundamental principle of liberty and justice as to come within the due process clause ” of the Fourteenth Amendment of the Federal Constitution. He held that there is in the State a constitutional right to a speedy trial but that the right is not violated by a reindictment within the time limited by law, after the dismissal of an earlier one because of failure to accord a speedy trial. He agreed that unreasonable delay in criminal prosecutions should not be tolerated. But, referring to the question as a new one in the New York courts, he concluded that the Legislature by a series of statutes had produced a complete system whereby a pending criminal prosecution may be dismissed for delay but ‘ the filing of a new indictment, after the dismissal of a previous indictment for the same offense because of delay in bringing the accused to trial, commences a new period of time during which the prosecution may be continued.” The Appellate Division’s decision-was that the. subsequent prosecution of appellant had been authorized by these statutes and that the statutes so read are not unconstitutional.
It is true, as the Appellate Division stated, that our statutes on their face permit the result arrived at here and that in other States statutes similar to our section 673 have been held not to be denials of speedy trial rights. But each establishes its own standards of due process. New York State’s official formulation of the right of a defendant to a prompt trial is expressed in the statutes listed in the Appellate Division opinion but this group of statutes must not be so read as to defeat the fundamental right of an accused citizen to be brought to trial and to be given a fair opportunity to show his innocence. I think these statutes *395 must be so applied as to carry out the spirit and purpose expressed in People v. Prosser (309 N. Y. 353, supra). They have not been so applied here.
Section 8 of our Code of Criminal Procedure and section 12 of the Civil Bights Law list a “ speedy and public trial ” as one of the rights of a defendant in a criminal trial. This affirmation, as our Prosser opinion (supra) points out, is no less a guarantee because not written into our State Constitution. The method of enforcement of the right is described in section 668 of the Code of Criminal Procedure under which this defendant won his dismissal, and which directs a dismissal on defendant’s motion if the defendant '‘ be not brought to trial at the next term of the court in which the indictment is triable ’ ’ and no good cause is shown for the delay. This defendant moved for and was entitled to dismissal 21 months after indictment and won a dismissal more than a year after the making of • the motion, only to be reindicted and brought to trial and to a guilty plea four and a half years after the original indictment had been found. Justification for this incongruous result is discovered in two statutes: section 673 of the Code of Criminal Procedure, which asserts that an order for dismissal ‘ ‘ is not a bar ’ ’ to another prosecution “ if the offense charged be a felony ”, and section 142 of the Code of Criminal Procedure, which sets a five-year limit for commencing prosecution of felonies.
These statutes cannot reasonably be reconciled—or, at least, they cannot all be literally applied in cases like this. If we read section 673 as complete and automatic permission for reinstatement of a felony indictment after a section 668 dismissal, we produce a result that cannot be squared with the guarantee of a speedy trial as found in the other statutes. Everyone now agrees that the right to a prompt trial is a fundamental one. The State of New York does not present a fundamental right with one hand, and take it away with the other. As Judge Fuld wrote in People v. Prosser (309 N. Y. 353, 356, supra): “ The speedy trial guarantee, preventing undue delay between the time of indictment and trial, serves a threefold purpose. It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and, finally, like statutes of limitation, it prevents him from being ‘ exposed to *396 the hazard of a trial, after so great a lapse of time ’ that the means of proving his innocence may not be within his reach ’ — as, for instance, by the loss of witnesses or the dulling of memory.” The delay in the present case was almost as long as that in Prosser’s but, since a second indictment against this defendant was gotten less than five years after the crime, the long delay was held to be without sanction or remedy. Whatever may be the result under other combinations of facts, we should hold that this defendant did not get the speedy trial ” guaranteed him.
This decision does not mean that when an indictment has been dismissed for delay there can never be a reindictment under section 673. Section 668 authorizes a dismissal when the indictment is not brought on for trial at the next term of the court. There may be and probably are instances when this delay is so short that a new indictment under section 673 would be permissible without violating the Prosser rule (supra). But the delay here was extreme as it was in Prosser and just as in Prosser “ the prosecution failed to show the slightest good cause ’ for that delay ”.
As in the Prosser case, we realize that " adherence to the rule ” may " on occasion result in the discharge of one guilty of crime ” but we point out again that the result of those decisions “is merely to impose upon the officers, charged with enforcing the law and who secured the indictment, the quite reasonable, far from burdensome, duty of noticing it for trial ” (Prosser opinion, 309 N. Y., at p. 361, supra).
The judgment should be reversed and the indictment dismissed.