■ In the Matter of JAMES COONAN, Petitioner, v GEORGE ROBERTS et al., Respondents.—Application for an order pursuant to CPLR article 78 prohibiting trial and further proceedings pursuant to New York County Indictment No. 1771/79 denied and petition dismissed, without costs. Defendant and one Featherstone were indicted by the Fourth March 1979 Grand Jury and charged with murder in the second degree in connection with the November 22, 1978 fatal shooting of Harold Whitehead. Defendant contends that the indictment is a nullity and should be quashed because the Fourth March 1979 Grand Jury was unlawfully impaneled and extended on March 29, 1979, in that (1) the application to extend the existence of the Grand Jury was orally made by an Assistant District Attorney; (2) the extension was sought and granted to a fixed date and not for an additional term; (3) the extension was obtained only to complete the presentation of a different case involving four designated persons; (4) defendant's indictment was voted during this extension of the Grand Jury's term, although it was not pending before the Grand Jury at the time of the extension. There is no requirement that the Chief Prosecuting Attorney make the application for an extension. CPL 190.15 requires that the application be made by the Grand Jury and the District Attorney. CPL 1.20 (subd 32) defines District Attorney to mean an Assistant District Attorney. CPL 190.15 authorizes the court to extend the Grand Jury "to a specified future date" and not for "an additional term of the Court," as contended by petitioner. CPL 190.15 authorizes court extension of a Grand Jury upon "declaration of both the grand jury and the district attorney that such grand jury has not yet completed or will be unable to complete certain business before it". Although the application for an extension was premised upon a different case involving other persons, this is not dispositive. The matter concerning the death of Whitehead had been presented to the Fourth March Grand Jury during the month of March. An indictment (No. 1014/79) was returned against Francis Featherstone. On March 29, 1979, still during the March term, the murder presentation continued before the Grand Jury. Defendant was one of the targets. A material witness called that day testified to certain events but refused to answer other questions. He returned by direction on March 30, 1979 and again refused to answer certain questions. Justice Lang, before whom the witness was brought, directed the witness to answer. On return to the Grand Jury, the witness refused to answer questions and was excused. On March 30, 1979, after the court's extension of the Grand Jury's term to May 15, 1979, the Grand Jury voted to hear further evidence as to the Whitehead murder presentation. Although no court permission was sought, it is plain that the Whitehead murder presentation was then pending. It was "not yet completed * * * business", before the Grand Jury (CPL 190.15) whose term had been extended. On April 11, 1979, the March Grand Jury heard further evidence and returned an indictment against defendant (No. 1547/79) filed April 12, 1979. The March Grand Jury heard further wit-

nesses on April 18 and April 25, 1979, including the witness who had previously refused to testify. It returned the subject indictment (No. 1771/ 79) charging murder in the second degree against Featherstone and this defendant; superseding the prior indictments against each. The Fourth March Grand Jury was properly impaneled and extended. As a properly impaneled and extended Grand Jury, it lawfully functioned as a Grand Jury to complete "not yet completed * * * business", including the subject indictment, despite the failure to request specific court approval for such investigation. Unlike *Matter of McClure v County Ct. of Dutchess County*, (41 AD2d 148), relied on by defendant, here the District Attorney and the Grand Jury both requested the extension which was granted. This Grand Jury also had pending "not yet completed * * * business", including this investigation prior to the end of its original term unlike the *McClure* Grand Jury, and that in *Matter of Reports of Nassau County Grand Jury for April 1975 Term* (87 Misc 2d 453), also relied on by defendant. Although it would have been better practice to request the extension to cover the subject investigation, the failure to do so did not oust the Grand Jury of jurisdiction. Concur—Murphy, P. J., Kupferman, Birns, Fein and Ross, JJ.