■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE LEE BRYANT, Appellant.—Judgment unanimously reversed, on the law and facts, plea vacated and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The defendant was convicted, upon his plea of guilty, of manslaughter in the second degree (Penal Law, § 125.15, subd 1) for recklessly causing the death by beating of Gregory Hills, the two- and one-half year-old infant son of his former girlfriend. The youngster was pronounced dead upon arrival at Buffalo Children's Hospital on December 14, 1970 where he had been taken by fire department rescue personnel. An autopsy report indicated cause of death was a massive hemorrhage in the abdominal cavity due to laceration of the liver. Initially the death certificate contained an entry indicating "IP", or "investigation pending".

This was subsequently amended in January, 1971 to "undetermined". Although police had statements from two witnesses indicating that defendant had admitted punching the child for wetting his pants, no criminal charges were filed at that time. Deceased's mother's inquiry in the summer of 1978 as to the status of the investigation prompted police to contact the medical examiner. On review of the autopsy report prepared by her predecessor and on the basis of the findings therein, the medical examiner changed the cause of death on August 1, 1978 from "undetermined" to "homicide", "victim of beating". Buffalo homicide detectives then filed two felony complaints on August 3, 1978 charging defendant with murder in the second degree and manslaughter in the first degree. Defendant was arrested in Indianapolis, Indiana, on August 5, 1978 pursuant to a warrant. Advised of his rights, defendant denied responsibility in a statement given to Indianapolis police made in the absence of counsel. Upon his return to Buffalo, defendant was again advised of his rights and questioned about the homicide without prior consultation with an attorney. In oral and written statements defendant admitted that he had "whooped" and "punched" Gregory Hills a couple times because the child had messed his pants. Defendant's application to suppress the statements on the ground that they were obtained in violation of his right to counsel was denied at the completion of the *Huntley* hearing, and a pretrial motion to dismiss the indictment based on an assertion that the inordinate delay between the time of the commission of the crime and the indictment violated his right to due process of law was likewise denied. Thereafter, defendant during the course of jury selection pleaded guilty to the crime of manslaughter in the second degree in full satisfaction of the indictment and was sentenced to an indeterminate term of imprisonment having a maximum of 10 years. On appeal, defendant claims judicial error in the denial of the pretrial motions. He maintains that the indictment should be dismissed, or, in the alternative that his confession should be suppressed and his guilty plea vacated. We agree that defendant's confessions which were obtained in the absence of counsel after felony complaints had been filed in court must be suppressed *(People v Samuels,* 49 NY2d 218). Although the defendant was arrested pursuant to a warrant issued following the filing of the felony complaints on August 3, 1978, *People v Samuels (supra)* decided on January 15, 1980, involving as it does the constitutional right to counsel, must be given retroactive application *(People v Parker,* 78 AD2d 580; *People v Pepper,* 76 AD2d 1006, 1007). Furthermore, upon remand there should be a hearing on defendant's application to dismiss. It has long been recognized that "unreasonable delay in prosecuting a defendant constitutes a denial of due process of law" *(People v Singer,* 44 NY2d 241, 253; *People v Staley,* 41 NY2d 789, 791; NY Const, art I, § 6). An untimely prosecution may be subject to dismissal even though, in the interim, the defendant was not formally accused, restrained or incarcerated for the offense *(People v Singer, supra,* p 253; see, e.g., *People v Winfrey,* 20 NY2d 138; *People v Wilson,* 8 NY2d 391). The due process requirement of a prompt prosecution is broader than the right to a speedy trial guaranteed by statute (see CPL 30.20, 30.30) and the Sixth Amendment *(People v Singer, supra,* p 253). In some respects the rule in New York is less rigid in its application than the right to due process recognized under the Federal Constitution, because in a proper case, a lengthy and unjustifiable delay in commencing the prosecution may require dismissal even though no actual prejudice to the defendant

is shown *(People v Singer, supra,* pp 253-254). When there has been a protracted delay, over a period of years, the burden is on the prosecution to establish good cause *(People v Singer, supra,* p 254; see, also, *People v Prosser,* 309 NY 353; *People v Winfrey, supra; People v Staley, supra).* A determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense *(People v Singer, supra,* p 254; *United States v Lovasco,* 431 US 783). If, however, commencement of the action has been delayed for a lengthy period, without good cause, the defendant may be entitled to a dismissal although there may be no showing of special prejudice *(People v Singer, supra,* p 254). Inasmuch as there was no hearing on defendant's motion to dismiss, the People should be afforded an opportunity to present appropriate proof on the issue presented by defendant's motion. (Appeal from judgment of Erie Supreme Court—manslaughter, second degree.) Present—Simons, J. P., Hancock, Jr., Callahan and Moule, JJ.