■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER A. ERCEG, Respondent. — Appeal from an order of the County Court of Greene County (Fromer, J.), entered September 30, 1980, which granted defendant's motion to dismiss the indictment. After an investigation by the Deputy Attorney-General in charge of the State's Medicaid Fraud Control Unit, defendant was indicted by the Greene County Grand Jury on multiple counts of both grand and petit larceny and on 34 counts of offering a false instrument for filing in the first degree in connection with defendant's business of transporting Medicaid patients to and from medical treatment centers in Greene County. Thereafter, defendant moved to dismiss the indictment on the grounds (1) that the Assistant Attorney-General conversed with some or all of the grand jurors in a closed Grand Jury room without having such conversations recorded or transcribed, and (2) that no appointment or oath of office was filed by the stenographer of the Grand Jury proceedings. After a hearing, the County Court dismissed the indictment on the sole ground that the off-the-record conversations by the prosecutor with the grand jurors impaired the integrity of the fact-finding process and created the possibility of prejudice to the defendant (CPL 210.35, subd 5). We reverse. The appealed order rests upon a faulty conclusion. It does not follow that any unrecorded conversation between a prosecutor and a grand juror (CPL 190.25, subd 6) automatically impairs the integrity of the Grand Jury process and creates the possibility of prejudice to the defendant. CPL 190.25 (subd 6) requires the recording of instructions to the Grand Jury by the court or District Attorney only when they pertain to the law concerning the duties of the jurors. Here, the Special Prosecutor affirmed that he had no unrecorded conversations concerning the evidence or the defendant. Assuming, *arguendo,* that any conversations between the prosecutor and grand jurors must be recorded, a violation of this requirement does not mandate dismissal of the indictment *(People v Percy,* 45 AD2d 284, 286; affd 38 NY2d 806). It must first be determined whether such conversations impaired the integrity of the Grand Jury process and whether the possibility of prejudice to the defendant was created (cf. *People v Di Falco,* 44 NY2d 482). The better procedure is to inspect the Grand Jury minutes in order to determine if a violation of CPL 190.25 (subd 6) did in fact occur, and, if so, whether the violation created the necessary prejudice so as to trigger the provisions of CPL 210.35 (subd 5) and indictment dismissal *(People v Di Falco, supra).* Here, had the motion court inspected the Grand Jury minutes, sufficient evidence might have been found to support the indictment, thereby undermining the conclusion that the procedural irregularity impaired the integrity of the Grand Jury process and created a possibility of prejudice to the defendant (CPL 210.35, subd 5). Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Greene County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.