THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v DONNA WILLIAMS, MICHAEL P. BARRETT, MARTIN WILLIAMS, SHELLY J. MCCLURE and JEFFERY J. SNYDER, Respondents, and ROBERT A. BECHER, Respondent-Appellant.

Third Department, July 14, 1988

APPEARANCES OF COUNSEL

*Donald J. Shanley* for appellant-respondent.

*Frost & Donohue (Jerome K. Frost* of counsel), for respondent-appellant.

*Robert L. Adams* for Jeffery J. Snyder, respondent.

**OPINION OF THE COURT**

Yesawich, Jr., J.

A Grand Jury indicted defendants for various offenses in-

cluding bribery, receiving a bribe, conspiracy and making an apparently false sworn statement. Defendants have successfully challenged the legitimacy of the Grand Jury process.

The term of the indicting Grand Jury, which was impaneled on August 19, 1987, was to expire on October 13, 1987. On October 8, 1987, the District Attorney and the foreman of the Grand Jury declared that the Grand Jury had not yet completed its work and requested that its term be extended. Also on October 8, 1987, County Court issued an order, thereafter amended on October 13, 1987, appointing Donald Shanley as Special District Attorney pursuant to County Law § 701 and extending the Grand Jury's term to November 13, 1987. On October 9, 1987, the Grand Jury handed up five open indictments, three sealed indictments and two no bills, presumably completing all the matters then before it. The record does not indicate whether a rape accusation made by defendant Shelly J. McClure against her stepfather, which was the genesis of the indictment giving rise to defendants' motion to dismiss, was one of the matters before the Grand Jury.

On October 13, 1987, a new Grand Jury was impaneled which heard cases presented by the District Attorney's office, while on October 15, 1987 Shanley began to present evidence to the extended Grand Jury against defendants in this case regarding bribery, conspiracy and the making of false statements. On October 30, 1987, the extended Grand Jury, through its foreman, handed up the indictment herein. After accepting the indictment, the County Judge recused himself and an acting County Judge was appointed in his place.

Following their arraignment, each defendant, except McClure, brought an omnibus motion seeking, *inter alia,* dismissal of the indictment on various grounds including (1) the improper extension of the Grand Jury, (2) Shanley's failure to take and file an oath of office, (3) an alleged conflict of interest created in the orders appointing Shanley as Special District Attorney, and (4) lack of a quorum when the Grand Jury returned the indictment. County Court dismissed the indictment without prejudice, upon finding that the Grand Jury had been improperly extended in contravention of CPL 190.15 (1) and thus lacked jurisdiction to act. The People appeal and defendant Robert A. Becher cross-appeals, arguing that the alternate grounds advanced also justify dismissing the indictment.

CPL 190.15 (1) provides that, upon the expiration date of

a Grand Jury term or within five days prior to that date: "the court may, upon declaration of both the grand jury and the district attorney that such grand jury has not yet completed or will be unable to complete certain business before it, extend the term of court and the existence of such grand jury to a specified future date, and may subsequently order further extensions for such purpose." The statute does not require that the court go beyond the declarations of the District Attorney and the Grand Jury in making a determination to extend a Grand Jury, though the fact that such extensions are discretionary suggests that inquiry may be made and, in fact, such inquiry is recommended *(see, Matter of Coonan v Roberts,* 71 AD2d 563, 564, *lv denied* 48 NY2d 604). Be that as it may, orders of extension enjoy a presumption of regularity which defendants must overcome *(see, Matter of Reports of Grand Jury of County of Montgomery [Aison],* 88 AD2d 1054, 1055, *appeal dismissed* 57 NY2d 924). It is noteworthy in this regard that the Grand Jury had not completed its business on October 8, 1987 when the extension application was made, for indictments were handed up the following day. Furthermore, the District Attorney's office was in the process of investigating the events underlying the instant indictment.

County Court found as a matter of fact that no evidence relating to the subject indictment had been presented to the extended Grand Jury until October 15, 1987. Relying on *Matter of McClure v County Ct.* (41 AD2d 148), the court reasoned that the unfinished business contemplated by the statute refers only to matters concerning testimony that has already been presented but not concluded during the Grand Jury's original unextended term; hence, the Grand Jury as extended was necessarily limited during its extension to completing that particular unfinished business. While straightforward, this analysis is overly formalistic. In *Matter of Reports of Grand Jury of County of Montgomery (Aison) (supra,* at 1055), this court noted that "[h]aving properly been extended, the Grand Jury was competent to take any action authorized by law, including even returning an indictment concerning a matter unrelated to its original investigation *(People v Stern,* 3 NY2d 658)". *(See also, Matter of Coonan v Roberts, supra.)*

An examination of the policies involved is appropriate. The function of a Grand Jury in the context of criminal indictments is to protect citizens from unfounded and arbitrary accusations *(People v Calbud, Inc.,* 49 NY2d 389, 396). In furtherance of this objective, the restriction on extensions of

Grand Jury terms is seen as a means of preventing the continuance of a " 'vest pocket' " Grand Jury *(see, Matter of McClure v County Ct., supra,* at 151, n 2), i.e., an unusually pliable Grand Jury which the District Attorney or the presiding Judge seeks to extend for some untoward purpose. Thus, in *McClure,* the Grand Jury's jurisdiction was undermined in that the extension was sought by the District Attorney alone, without a request from the foreman of the Grand Jury, but Justice J. Irwin Shapiro, the author of the opinion, observed in a later decision that had the Grand Jury been active and functioning, with unfinished business, that infirmity could have been disregarded *(Matter of Pesner v County Ct.,* 42 AD2d 275, 279, n 2, *affd* 34 NY2d 499).

In the matter at hand, both the District Attorney and the foreman of the Grand Jury requested an extension to complete not yet completed business. There being no intimation that this Grand Jury was other than an active one functioning continuously since its inception, this case is markedly different in scope from those in which the spectre of a vest pocket Grand Jury has been raised. Here there was but a single one-month extension, only 17 days of which were used, compared with (1) a Grand Jury held over for some 12 months *(People v Stern,* 3 NY2d 658, 664, *supra* [dissenting opn]), (2) a Grand Jury extended seven times before significant evidence regarding the indictment at issue was presented *(Matter of Nassau County Grand Jury,* 87 Misc 2d 453, 466), and (3) a Grand Jury that was extended indefinitely and recessed for six weeks without pending business *(Matter of McClure v County Ct., supra,* at 150-151). Nor is there reason to believe that the extended Grand Jury was in the prosecutor's vest pocket given that 2 out of 10 of the cases handed up by the Grand Jury on October 9, 1987 were no bills, or that a sympathetic audience was even needed to secure an indictment in this instance. It is also important to note that if indeed the indictment is baseless, defendants have a remedy by way of a CPL 210.30 (1) motion to dismiss on the ground of insufficient Grand Jury evidence.*

■ Even if the extended Grand Jury was not in technical compliance with CPL 190.15 (1) and therefore not a de jure Grand Jury, it operated under color of law to such an extent

---

* Several defendants made this challenge to the indictment in their omnibus motions, but County Court did not reach this issue and it has not been pursued on appeal.

that defendants, in fact, were provided all the protections afforded by a de jure Grand Jury; consequently, the Grand Jury was a de facto Grand Jury *(see, People v Petrea,* 92 NY 128, 143; *Matter of Pesner v County Ct., supra,* at 281). As in *Matter of Seidenberg v County Ct.* (34 NY2d 499), defendants point to no actual prejudice nor claim any violation of their constitutional rights. In *Seidenberg,* after examination of various cases, a four-Judge majority of the Court of Appeals concluded that a mere technicality should not invalidate the acts of a Grand Jury that had properly discharged its screening and accusatory functions *(supra,* at 509). The contrary conclusion, that the indictment issued by the extended Grand Jury is somehow qualitatively different than it would have been had its original term run until October 30, 1987, is far too rigid and strikes us as intellectually wayward in that it displaces a Grand Jury's very reason for existing, that of investigating important substantive matters.

We are also unpersuaded that the integrity of the Grand Jury's fact-finding process was automatically impaired because the District Attorney and his staff had presented matters to the Grand Jury for its action and then subsequently appeared as witnesses before that body in the Special District Attorney's case. County Court's inspection, not yet undertaken, of the Grand Jury's minutes is the procedural vehicle which will disclose whether this circumstance caused defendants prejudice *(see, People v Erceg,* 82 AD2d 947).

██ ██ As for the alternate grounds urged for dismissal, initially we note that Shanley is required to take and file an oath of office (Public Officers Law § 10; County Law § 402) and may do so nunc pro tunc, given that he has been a de facto officer, and his official acts are thus valid and binding *(see, Matter of Delehanty [Sullivan],* 202 Misc 33, 35-36, *affd* 280 App Div 542, *affd* 304 NY 725). And County Court's original order and amended order authorizing Shanley to use the investigatory and secretarial personnel of the District Attorney's office created no conflict of interest since the District Attorney withdrew as prosecutor because of personal contact previously had while in private practice with one of the defendants. Nor is there any evidence of impropriety that would warrant granting defendants' excessively broad request to have the entire District Attorney's office disqualified *(see, People v Loewinger,* 37 AD2d 675, 676, *affd* 30 NY2d 587). Finally, CPL 190.65 (3) requires only that a Grand Jury's foreman or acting foreman hand up its indictments to the

court, not necessarily in the presence of the Grand Jury *(compare,* former Code Crim Pro § 272).

KANE, J. P., MIKOLL, LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, indictment reinstated and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision.