■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY COLLINS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted following a bench trial of manslaughter, first degree, as a lesser included offense of second degree murder, and sentenced to an indeterminate sentence of 8⅓ to 25 years. On appeal, defendant argues that the indictment should be dismissed because the Grand Jury proceedings were rendered defective as a result of the District Attorney's failure to respond to jurors' questions and by alleged off-the-record conversations. We disagree.

The prosecutor's responses to jurors' questions were proper. The questions concerned matters not in evidence and were not

relevant to the inquiry. In presenting a case to the Grand Jury, the People "are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused * * * even though such information undeniably would allow the Grand Jury to make a more informed determination" *(People v Lancaster,* 69 NY2d 20, 25-26, *cert denied* 480 US 922). Further, because defendant failed to demonstrate the possibility of prejudice created by an alleged off-the-record conversation at the conclusion of the Grand Jury proceeding (CPL 210.35 [5]; *People v DiFalco,* 44 NY2d 482, 487-488; *People v Percy,* 45 AD2d 284, 286, *affd* 38 NY2d 806), defendant is not entitled to dismissal of the indictment *(see, People v Erceg,* 82 AD2d 947).

We reject defendant's contention that the court erred by failing to order, *sua sponte,* additional competency tests prior to sentencing him. Pursuant to CPL 730.30, defendant was examined by two psychiatrists, who found him competent to stand trial. Although defendant suffered from depression, for which he took medication, there is no evidence of any deterioration in his mental condition prior to sentencing, and thus there was no need for additional evaluations of competency.

Defendant's claim that his statements to law enforcement officials were involuntary and, therefore, inadmissible at trial is without merit. Defendant initiated contact with the police by telephoning 911 and all questioning took place in noncustodial settings. The record fails to support a conclusion that defendant's will was overborne by interrogation *(see, People v Adams,* 26 NY2d 129, 137, *cert denied* 399 US 931).

Defendant argues that his right to due process was violated by the preindictment delay of almost six years, requiring dismissal of the indictment in the interests of justice. Extended preindictment delay can violate defendant's due process rights under the Federal and New York State Constitutions, even though defendant was not "accused, restrained or incarcerated for the offense" *(People v Singer,* 44 NY2d 241, 253; *see also, People v Bryant,* 79 AD2d 867). However, because defendant failed to raise this issue before the trial court, no hearing was held and, on the record before us, it is impossible to determine the cause for the almost six-year delay in obtaining an indictment. Because defendant has failed to demonstrate any prejudice by virtue of this delay, we decline to dismiss the indictment in the interests of justice.

Viewing the record, we find that defendant's conviction is not against the weight of the evidence. Defendant was seen

talking with the victim the morning of the murder, her bicycle was found chained to a tree in front of defendant's apartment building, and her body was found in the bathtub in defendant's one-room apartment. The use of cleaning fluid in the killing and the cross-like pattern of scratches on the victim's chest were consistent with defendant's obsessions with cleanliness and religion. Although the People did not prove that no one else had access to defendant's apartment, given the evidence presented in this case, a finding that someone other than defendant killed Alice Wagner would have been unreasonable (see, People v Bleakley, 69 NY2d 490, 495).

The sentencing minutes reflect that the court considered defendant's mental history in sentencing defendant and we decline to disturb the sentence. (Appeal from judgment of Erie County Court, McCarthy, J.—manslaughter, first degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.