■ The People of the State of New York, Respondent, v Damian Rossney, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered February 7, 1989, upon a verdict convicting defen-dant of the crimes of conspiracy in the second degree and criminal facilitation in the second degree.

In order to resolve this appeal we must determine whether County Court erred in refusing to disqualify the Special District Attorney, in denying defendant's challenge to a juror for cause and in admitting into evidence the statements of a coconspirator. We will deal separately with the pertinent facts as to each issue posited.

In January 1987, the newly elected Columbia County Dis-trict Attorney disqualified his office from prosecuting defen-dant's indictment because of his prior representation of a coconspirator. On January 19, 1988, County Court appointed a Special District Attorney pursuant to County Law § 701. At that time the appointee was a resident of Columbia County and maintained an office for the practice of law therein. Defendant contends that County Court erred, in two respects, in denying his motion to disqualify the Special District Attor-ney. First, he claims that the appointee failed to file an oath of office as required by Public Officers Law § 10 and County Law § 402. The Special District Attorney did file an oath of office, but not until September 27, 1988. While the law pro-vides that a Special District Attorney shall not perform duties of the office until an oath is filed, any duties so performed are performed as a de facto officer and are enforceable and valid *(see,* Public Officers Law § 15; *People v Williams,* 139 AD2d 138, 143, *revd on other grounds* 73 NY2d 84). Additionally, it has been held that upon the filing of an oath, it shall be considered filed nunc pro tunc as of the date of appointment *(People v Williams, supra,* at 143). Furthermore, it is statuto-rily provided that no vacancy shall occur upon the neglect of a

Special District Attorney to file an oath within the prescribed time *(see,* County Law § 402). Accordingly, we find defendant's first contention regarding the Special District Attorney to be without merit.

With regard to his second contention, seven months after the appointee's designation she became a resident of Rensselaer County. Defendant contends that she thereby became disqualified, because County Law § 701 requires that the appointee must be an attorney residing in the county of appointment. However, the alternative prerequisite to appointment is that the appointee must have an office for the practice of law in the county. Here the appointee, after moving to Rensselaer County, maintained a post office box in Columbia County, shared office space in that County and retained the files concerning this prosecution in that office. Under the circumstances, we believe that the appointee maintained an office within Columbia County sufficient to satisfy the requirements of County Law § 701 *(cf., Austria v Shaw,* 143 Misc 2d 970).

Defendant next contends that County Court erred in denying his challenge for cause of a prospective juror. It developed on voir dire that the juror in question lived in the community where the homicides occurred. Additionally, she conceded that she held an opinion concerning the case and that she had heard that a juror in a companion case had received a death threat. It seemed, however, that a number of the jurors had heard of the aforesaid threat. The juror advised County Court, unequivocally, that she could set aside whatever she had heard about the case and whatever opinion she had formed and render a verdict based solely on the evidence adduced at trial. Given that, County Court was well within its discretion in denying defendant's challenge for cause *(see, People v Butts,* 140 AD2d 739, 740).

Defendant further contends that County Court erred in admitting into evidence the statements of a coconspirator. Generally, a statement made by a coconspirator during the course of and in furtherance of a conspiracy may be admitted against another conspirator to establish the guilt of the latter. Such evidence is not admissible, however, unless the prosecution has submitted proof that a conspiracy existed at the time the statements were made *(see, People v Malagon,* 50 NY2d 954, 955-956). There is no question that the prosecution presented evidence of an agreement between defendant and another to engage in the performance of conduct that constituted a class A felony before offering the statement of the coconspirator. Defendant contends that the statement was not

admissible, however, because at the time of its offer the prosecution had not proven an overt act in furtherance of the conspiracy. The question presented, therefore, is whether the proof of an overt act is necessary to make out a prima facie case of conspiracy. We think not. The elements of the crime of conspiracy in the second degree are set forth in Penal Law § 105.15, which provides that "[a] person is guilty of conspiracy * * * when, with intent that conduct constituting a class A felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct." The elements of the substantive crime, therefore, are the requisite mental state for the commission of the underlying crime and an agreement to commit that crime. Defendant's contention that the failure to prove an overt act in furtherance of the conspiracy made the statements inadmissible is without merit. The legislative mandate that there must be proof of an overt act before a conviction may be had (see, Penal Law § 105.20) is an evidentiary requirement unrelated to the elements of the substantive crime (cf., People v Hudy, 73 NY2d 40). Accordingly, upon proof of the agreement the People established a prima facie case of conspiracy and the statements of the coconspirator were properly admitted into evidence (cf., People v Malagon, supra).

We have examined defendant's remaining arguments and find them to be without merit.

Casey, J. P., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgment is affirmed.