**D'ette EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–96–01011–CR, 14–96–01012–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 17, 1999.

George O. Jacobs, Frances M. Northcutt, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Panel consists of Justices YATES, FOWLER and LEE.[1]

## OPINION

NORMAN LEE, Justice.

D'Ette Evans, appellant, was charged by indictment with possession of cocaine and possession of marijuana. Appellant pleaded not guilty and waived her right to a jury trial. The trial judge found appellant guilty of both offenses and assessed punishment for each offense at 180 days confinement, probated for two years, and a $500 fine. Now on appeal, appellant asserts that the trial court committed error by denying her motion to suppress evidence. We affirm.

On January 11, 1996, four Houston Police officers went to a Houston apartment complex to investigate several complaints that had been made regarding appellant's apartment. When they arrived at the complex they found that it was surrounded by security fence and then proceeded to enter the fence by using one of the officers' standard 911 key. As they approached appellant's apartment they noticed that the front door was open, and two of the officers testified that they could smell a strong odor of marijuana coming from the apartment. Appellant had been on the phone, but hung up when she saw the officers at her door. When appellant walked to the front door, the officers asked if they could come inside and talk to the

appellant, and she agreed. Once inside, the officers questioned her regarding whether she had any contraband in her apartment and she responded that she did not. However, soon thereafter appellant signed a consent form allowing the officers to search her apartment, and in fact, led the officers to the contraband in her bedroom.

Prior to trial appellant filed a motion to suppress the evidence found in her apartment and the testimony of the officers. The appellant's motion to suppress alleged that all of the evidence was a "fruit" of the officers illegal entry into her apartment complex, and therefore inadmissible. The trial court disagreed and denied her motion to suppress. Appellant now presents three points of error asserting that the trial court erred in denying her motion to suppress.

In her first two points of error, appellant contends that all the evidence seized at the apartment and the officers' testimony were the result of an unreasonable search in violation of federal and state constitutional rights. Although appellant signed a consent form authorizing the officers to search her apartment, she now claims that the consent was involuntary because the officers "exploited" the improper entry into the apartment complex to obtain her consent. Consistent with the United States Supreme Court's opinions in *United States v. Dunn*, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326, (1987), and *Oliver v. United States*, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), we will address both (1) whether the common area of appellant's apartment complex was part of the curtilage of her apartment, and if not, (2) whether appellant had a reasonable expectation of privacy in the common area.

The United States Supreme Court has recognized that the Fourth Amendment protects the curtilage of a house, and identified curtilage as "the area [that] har-

bors the 'intimate activity associated with the 'sanctity of a man's home and the privacies of life.'" *See Dunn,* 480 U.S. at 300, 107 S.Ct. at 1139 (citations omitted). Our sister court of appeals addressed a factually similar situation to the present case in *Cuero v. State,* 845 S.W.2d 387 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). In *Cuero,* the court addressed whether a parking area in a fenced condominium complex qualified as curtilage of one of the residents and stated:

> [the officer] crossed over one exterior fence of a condominium complex to observe suspected illegal activity in the parking area of the complex. Even if we were to assume that [appellant] lived in one of the condominiums, a common area parking lot available to owners and guests cannot be considered an 'area which harbors the intimate activity associated with the sanctity of a man's home and the privacies of life.'

*Id.* at 391. This same reasoning applies to appellant in our case. She does not complain about the officers entry into her apartment, but rather, complains only of their "unauthorized" entry into the common areas of the apartment complex. Clearly, the common areas appellant complains of were not the curtilage of her apartment.

█ In addition, it is also recognized that even if an area does not qualify as curtilage, a person could be protected by the fourth amendment if she possessed a reasonable expectation of privacy in that area. *See Dunn,* 480 U.S. at 303, 107 S.Ct. at 1140. We first begin with the general premise that the common areas of an apartment complex that include the parking lots and sidewalks are public areas in which the residents have no reasonable expectation of privacy. *See Bower v. State,* 769 S.W.2d 887, 897–98 (Tex.Crim. App.1989); *see also* Tex. Pen.Code Ann. § 1.07(a)(40) (Vernon 1994) (defining a "public place" as any place where a substantial group of the public has access, including, but not limited to, the common

areas of apartment houses). Appellant, however, contends that because her apartment complex was surrounded by a security fence intended to keep out the general public, she had a reasonable expectation of privacy in the common area. We disagree. The United States Supreme Court recognized that the erection of fences alone does not create a constitutionally protected expectation of privacy. *See Dunn,* 480 U.S. at 301 n. 4, 107 S.Ct. at 1139 n. 4. The relevant inquiry for our purposes is whether, even if the appellant had an actual expectation of privacy in the common areas of her complex, that expectation of privacy is one that society is prepared to recognize as reasonable. *See Oliver,* 466 U.S. at 177, 104 S.Ct. at 1741. It is clear from the record that the area of the apartment complex in question, although fenced, was open to any resident or guest as a common means of ingress and egress. Additionally, the gates to the fence are equipped with a "911" key that allows entrance to the property in an emergency. Given the nature and use of the area, we cannot say that appellant's actual expectation of privacy is one that society is prepared to recognize as reasonable. Therefore, we hold that because appellant had no reasonable expectation of privacy in the common areas of her apartment complex, the officers presence in that area without a warrant did not violate either the United States constitution or the Texas constitution, and thus her complaint that her consent to search her apartment was involuntary is without merit. Points of error one and two are overruled.

█ In her final point of error, appellant alleges that the officers violated Texas law by trespassing on the grounds of the apartment complex, and therefore any evidence seized warrants suppression under the Code of Criminal Procedure's prohibition of the use of evidence obtained in violation of the federal or state constitution or laws. *See* Tex.Code Crim. Proc. Ann. Art. 38.23. To analyze this point of error, we again look to our sister court's opinion

in *Cuero*. In addressing the same issue, the court stated:

> appellant's argument that [the officer] was trespassing while making his observations do not apply in the instant case. The common law of trespass furthers a range of interests that have nothing to do with privacy and that would not be served by applying the strictures of trespass law to officers. Criminal laws against trespass are prophylactic: they protect against intruders who poach, steal livestock and crops, or vandalize property.

*Cuero*, 845 S.W.2d at 392 (citations omitted). We agree and find nothing in the officers' action in entering the apartment complex that constitutes a violation of the laws of this state. Point of error three is overruled.

The judgment is affirmed.