■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PERRETTI, Appellant. [719 NYS2d 145] —Mercure, J. P. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered September 25, 1995, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree.

Defendant's convictions arise out of a January 23, 1995 incident in which he is alleged to have fatally stabbed a "bouncer" at a nightclub he and his friends were patronizing in the Village of Hunter, Greene County. Following the incident, defendant and his friends returned to their night's lodging, a ski house that had been rented by eight individuals. Defendant had been permitted to spend the night there by virtue of his status as a friend of a friend of one of the lessees.

Later that day, the State Police arrived at the ski house in order to question defendant and his friends concerning the incident. As some of the officers entered the building with the permission of one of the lessees, two others who remained outside on surveillance detail saw an object being thrown out

of an upstairs window. Inspection of the area revealed the object to be a pocket knife, claimed by the People to be the murder weapon, which was retrieved in approximately 1½ feet of snow on a steeply graded pitch off to the side and approximately 40 to 50 feet distant from the house. Defendant accompanied the State Police to their barracks, where he was questioned and made three inculpatory written and oral statements.

Defendant thereafter moved to suppress those statements, as well as the knife. After a combined *Huntley/Wade* hearing, County Court resolved credibility issues in favor of the prosecution witnesses and denied the motions. The statements and the knife were admitted in evidence at trial, and County Court refused to instruct the jury pursuant to CPL 710.70 (3) that it was to disregard the statements upon a finding that they were involuntarily made. Ultimately, defendant was convicted of depraved indifference murder (Penal Law § 125.25 [2]) and criminal possession of a weapon in the fourth degree and was sentenced to concurrent terms of incarceration aggregating 22 years to life. Defendant appeals.

We conclude that there is merit to the contention that County Court erred in refusing to charge the jury on the voluntariness of defendant's oral and written statements, requiring that the judgment of conviction be reversed and the matter remitted for a new trial. Despite an adverse ruling at a suppression hearing, when the defense presents evidence at trial sufficient to demonstrate a question of fact regarding the voluntariness of the defendant's statement, the court must submit the issue to the jury with instructions to ignore the statement if it determines that it was involuntarily made (*see,* CPL 710.70 [3]; *People v Graham,* 55 NY2d 144; *People v Cefaro,* 23 NY2d 283). Although the trial court must make a preliminary ruling regarding the admissibility of a statement, "if the evidence presents a fair question as to its voluntariness, as where certain facts bearing on the issue are in dispute or where reasonable [people] could differ over the inferences to be drawn from [the] facts, the [court] 'must receive the confession and leave to the jury, under proper instructions, the ultimate determination of its voluntary character and also its truthfulness' " (*Jackson v Denno,* 378 US 368, 377, quoting *Stein v New York,* 346 US 156, 172; *see, People v Cefaro, supra,* at 286).

Based upon the evidence adduced at trial, we conclude that reasonable minds could differ as to the voluntariness of defendant's statements. Notably, defense counsel vigorously

cross-examined prosecution witnesses regarding the issuance of *Miranda* warnings and the procedure utilized to obtain defendant's statements. In addition, a defense witness testified that defendant requested to speak with a lawyer before he accompanied the police to the barracks and, while at the barracks, the witness heard defendant crying that he wanted a lawyer. Defendant testified that while at the barracks, he specifically requested to speak with a lawyer but the police ignored his request and proceeded with the interview. Moreover, defendant testified that the statements he ultimately signed did not accurately reflect the information he had given to the police. In our view, that testimony raised a genuine question of fact as to the voluntariness of the statements, and a new trial is warranted (*see, People v Rose*, 223 AD2d 607; *People v Luis*, 189 AD2d 657).

Although our determination to reverse the judgment of conviction and remit the matter for a new trial obviates the need to consider many of defendant's contentions, we will address three of his assertions of error. First, we conclude that defendant lacks standing to challenge the admissibility of the knife. Although it cannot be disputed that an overnight guest has an expectation of privacy in the host's home (*see, Minnesota v Olson*, 495 US 91, 98), we conclude that defendant failed to satisfy his burden at the suppression hearing of establishing a legitimate expectation of privacy in the remote outdoor site of the search for the object that had been thrown out the window of the ski house (*see, People v Ramirez-Portoreal*, 88 NY2d 99, 108). At best, defendant's status was analogous to that of a roomer in a boardinghouse or a tenant in an apartment complex, and his privacy expectation could not reasonably extend beyond the interior area where he spent the night (*see, United States v Burnett*, 890 F2d 1233; *Evans v State*, 995 SW2d 284 [Tex]; *State v Baltimore*, 242 Neb 562, 495 NW2d 921; 5 LaFave, Search and Seizure § 11.3 [b], at 138 [3d ed]).

Second, we reject the contention that County Court erred in denying defendant's motion to dismiss the indictment. Contrary to defendant's assertions, the People properly instructed the Grand Jury on all of the applicable legal principles, including detailed instructions concerning the defense of justification (*see generally, People v Goetz*, 68 NY2d 96). In addition, although the prosecutor engaged in an impermissible off the record conversation prior to receiving the testimony of Anthony Ritorto, our review of the Grand Jury minutes gives no indication that the conversation was prejudicial in any way (*see, People v Perry*, 199 AD2d 889, 894, *lv denied* 83 NY2d 856;

*People v Collins*, 154 AD2d 901, 902, *lv denied* 75 NY2d 769; *People v Erceg*, 82 AD2d 947). Nor did the prosecutor abuse his discretion in refusing to recall Ritorto, a recalcitrant and uncooperative witness who steadfastly denied being present or having any knowledge of the incident, in order to accommodate a Grand Juror's wholly irrelevant question as to what Ritorto did for a living (*see, People v Smith*, 182 AD2d 725, 728, *lv denied* 80 NY2d 896).

Finally, although the prosecutor committed a technical violation of CPL 60.35 by impeaching Ritorto with a statement he had given the State Police describing the incident (*see, People v Fitzpatrick*, 40 NY2d 44, 52; *People v Rodwell*, 246 AD2d 916, 917), the error was mitigated by the People's instruction that Ritorto's prior statement could only be considered for impeachment purposes (*see, People v Bass*, 255 AD2d 689, 691-692, *lv denied* 93 NY2d 966). In any event, given the abundant evidence against defendant, there was no reasonable likelihood that, but for the error, defendant would not have been indicted (*see, People v Moyler*, 256 AD2d 1108, 1108-1109, *lv denied* 93 NY2d 975; *People v Barber*, 179 AD2d 1002, 1003, *lv denied* 79 NY2d 997).

Defendant's remaining contentions are either unpreserved for our review, have been considered and found to be lacking in merit or need not be considered in view of the fact that there will be a new trial.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Greene County for a new trial.